NEW ORDER BUILDING AND LOAN ASSOCIATION, a corporation, complainant,

*v.*

LOUIS LANDAU, IDA LANDAU and FANNIE SABEL, defendants.

[Decided September 24th, 1931.]

*Messrs. Cohen & Klein,* for the complainant.

*Mr. Abraham Gurney,* for the defendants Louis Landau and Ida Landau.

BACKES, V. C.

The bill is to foreclose an $80,000 building and loan mortgage, because of default in monthly installments of principal and interest and the non-payment of taxes. The default in principal and interest is denied, but the proofs show the answer to be untrue. The charge of default in taxes, the defendants plead they have no knowledge. They are the owners; they know that they did or did not pay their taxes. Their answer is untruthful. The answer will be stricken out.

By the counter-claim, which must be accepted as true on this motion, the defense set up is that Morris Metsky, the president of the complainant, who represented himself as having full power and authority to do so, agreed that the complainant would credit them with all arrearages of installments of principal and interest and insurance premiums advanced, and arrearages of taxes, and pay all future taxes to September, 1931, and charge the same against the sum of installments of principal which had been paid, and alleged

to be $11,000, and that in September, 1931, the complainant would recast the mortgage "on basis commonly known as a split or combination mortgage." It is not alleged that the complainant made the agreement. The allegations that Metsky, the president of the complainant, represented that he had the power and authority to bind the complainant and that he agreed to charge the defaults to credits, is not a charge that the complainant agreed to the credits and to forgive the defaults and to recast the mortgage. If the defense has validity, the charge should be that the complainant made the agreement, or, if to specify, that the complainant through its duly authorized agent, Metsky, the president of the complainant, made the contract. That goes to the form of pleading.

The president of the complainant had not, as such, the authority to give the credit, nor to contract to recast the mortgage. What is meant by a "split or combination mortgage," I am not informed, and it is not known in law. Further, the contract to credit and recast was without consideration and invalid.

Effort is made to show consideration, that the defendant paid off $2,500 on the second mortgage in consideration that the second mortgagee would subordinate to a split mortgage. It does not appear that the second mortgage was not due, and that $2,500 was paid in advance thereby creating a consideration, and it does appear that the second mortgage was a subordinate lien, and the agreement to subordinate was without consideration.

The interesting question is whether the president had the authority to extend the due date of the mortgage when he is the "whole show" of the building and loan; but that is not presented. The counter-claim is stricken out, but the defendants may have a perfect defense to the foreclosure, and twenty days will be given to again plead.

In the present depression, loan associations should be most considerate with their shareholders, who are trying to live up to their obligation, but cannot. If they are honestly applying the income of property to its upkeep and down keep of charges, building and loan associations should be patient.